THE HONORABLE ROBERT S. LASNIK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# IN SEATTLE

| | |
|---|---|
| MICHAEL GRUNDMEYER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | No. 2:15-cv-00464 RSL<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION |

## I. PARTIES

1. Plaintiff Michael Grundmeyer is an individual residing in Seattle, King County, Washington.

2. Defendant Allstate Property & Casualty Company ("Allstate") is a foreign insurance company, with its principal place of business in Illinois and incorporated in Illinois.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS ACTION- 1

CASE #2:15-cv-00464 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## II. JURISDICTION & VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff Grundmeyer and Defendant Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the parties to this action under RCW 4.28.185(1)(a) because Plaintiff's claims arise from Allstate's transaction of business within this judicial district.

5. Venue is proper in the Western District of Washington under 28 U.S.C. § 1441(a) because this action was removed from King County Superior Court.

## III. FACTS

6. Plaintiff Grundmeyer is an insured under one or more insurance policies issued by Defendant Allstate under policy number 9 64 531871 ("the Grundmeyer Policy").

7. The Grundmeyer Policy states, among other things, that Allstate will cover "sudden and accidental direct physical loss" to property described in the Grundmeyer Policy's "Coverage A Dwelling Protection," except as limited or excluded in the Grundmeyer Policy:

> We will cover sudden and accidental direct physical loss to property described in Coverage A Dwelling Protection and Coverage B Other Structures Protection except as limited or excluded in this policy.

8. Grundmeyer's home, which is located at 4741 45th Avenue NE in Seattle, Washington, is the "property described in Coverage A Dwelling Protection."

9. The Grundmeyer Policy does not contain an exclusion for "improper construction," nor does it contain exclusions for "faulty, inadequate or defective . . . construction"; "[f]aulty, inadequate or defective . . . design, specifications, workmanship,

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS ACTION- 2

CASE #2:15-cv-00464 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  repair, . . . renovation, remodeling, grading, [and] compaction"; "[f]aulty, inadequate or

2  defective . . . materials used in repair, construction, or remodeling"; or "[f]aulty, inadequate

3  or defective . . . maintenance."

4      10.    In October 2014, Grundmeyer notified Allstate that he was submitting a claim

5  regarding property damage to his home.

6      11.    Allstate commenced an investigation and retained an engineer at Rimkus

7  Consulting Group, Inc. to determine the cause and extent of the damage to Grundmeyer's

8  home.

9      12.    On November 18, 2014, the Rimkus engineer issued a report that stated,

10 among other things, that "water intrusion had caused deterioration that required repair or

11 replacement of" certain parts of Grundmeyer's home, and that the "[d]eterioration . . . was

12 caused by improper construction."

13     13.    On December 2, 2014, Allstate sent a letter to Grundmeyer denying his claim.

14     14.    According to Allstate's December 2, 2014 denial letter, although the Rimkus

15 engineer had determined that the damage to Grundmeyer's home "was caused by improper

16 construction," Allstate was denying the claim as "due to an inherent vice, latent defect, aging

17 and deterioration, seepage, and rot":

18
> We were unable to provide payment on this claim because: Our investigation concluded that the damages are due to an inherent vice, latent defect, aging
19
> and deterioration, seepage, and rot.  Our cause and origin engineer's report concludes: . . . Deterioration beneath and around the balconies ***was caused by***
20
> ***improper construction*** . . . .

21     15.    Allstate's denial of Plaintiff's claim, despite the determination of its agent

22 that the damage resulted from improper construction, violates the "efficient proximate

23 cause" rule.  Under the "efficient proximate cause" rule, if a non-excluded peril, like

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS ACTION- 3

CASE #2:15-cv-00464 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  defective construction, sets in motion a causal chain resulting in property damage, that
2  damage is covered even if the last step in the causal chain is an otherwise excluded peril, like
3  deterioration, seepage or rot.

4      16.    On information and belief, the Grundmeyer Policy is a standard form policy
5  whose terms have been used by Allstate in insurance contracts sold to thousands of
6  consumers in the State of Washington.

7      17.    In contrast to the Grundmeyer Policy, Allstate has sold other insurance
8  policies, including those containing form BU5550A, that do exclude "faulty, inadequate or
9  defective . . . construction" (as well as "[f]aulty, inadequate or defective . . . design,
10 specifications, workmanship, repair, . . . renovation, remodeling, grading, [and]
11 compaction"; "[f]aulty, inadequate or defective . . . materials used in repair, construction, or
12 remodeling"; and "[f]aulty, inadequate or defective . . . maintenance").

### IV. CLASS ALLEGATIONS

14     18.    Plaintiff brings this action on behalf of himself and all others similarly
15 situated pursuant to Fed. R. Civ. P. 23.  This action satisfies the requirements of Fed. R. Civ.
16 P. 23(a) and one or more of the subsections of Fed. R. Civ. P. 23(b).

17     19.    The proposed class includes:

> All persons (a) whose property in the State of Washington was covered by an Allstate property insurance policy that did not exclude one or more of the following perils: "improper construction"; "faulty, inadequate or defective . . . construction"; "[f]aulty, inadequate or defective . . . design, specifications, workmanship, repair, . . . renovation, remodeling, grading, [and] compaction"; "[f]aulty, inadequate or defective . . . materials used in repair, construction, or remodeling"; "[f]aulty, inadequate or defective . . . maintenance"; and (b) who were denied coverage during the applicable limitations period by way of a denial letter, or based on information provided to Allstate, that identified one of the above perils as initiating or causing other perils or losses that Allstate claimed excluded the loss.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS ACTION- 4

CASE #2:15-cv-00464 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

20. Plaintiff reserves the right to modify or amend the definition of the proposed class at any time prior to certification of the class by the Court.

21. The proposed class is so numerous that joinder of all class members is impracticable. On information and belief, the proposed class includes hundreds of members.

22. Common questions of law and fact exist as to all proposed class members and predominate over individual questions of law and fact. The common questions include, but are not limited to:

    a. Whether Allstate has denied coverage of property damage that it has determined was caused by improper construction and similar perils in the absence of policy exclusions for such perils;

    b. Whether Allstate has relied on the presence of an excluded peril in the chain of causation to deny coverage even where the initiating cause of damage was a non-excluded peril;

    c. Whether Allstate has breached its contracts with class members by denying coverage of damage caused by improper construction and similar defects when its policies do not expressly exclude improper construction;

    d. Whether Allstate's denial of damage claims caused by improper construction on the basis of other policy exclusions violates the "efficient proximate cause" rule;

    e. Whether Allstate failed to exercise reasonable care in denying the claims of class members on the above-described bases;

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 5

CASE #2:15-cv-00464 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1         f.        Whether Allstate breached its duty of good faith to members of the class by denying claims on the above-described bases;

        g.        Whether Allstate's denial of claims on the above-described bases constituted unfair or deceptive conduct under the Washington Consumer Protection Act, entitling class members to actual damages, exemplary damages, and/or injunctive relief; and

        h.        Whether Allstate's denial of claims on the above-described bases constituted unreasonable denials of claims for coverage or payment of benefits under Washington's Insurance Fair Conduct Act, entitling class members to treble damages, reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees.

23. Plaintiff's claims are typical of the claims of other members of the proposed class, and Allstate has no unique defenses to Plaintiff's claims. Like other members of the proposed class, Allstate denied coverage of Plaintiff's claim because the immediate cause of damage was an excluded peril, even though Allstate and its agents identified improper construction—a non-excluded peril—as the cause of the loss. This act by Allstate was based entirely on Allstate's own policies and practices, not by any act or omission on the part of Plaintiff.

24. Plaintiff will fairly and adequately protect the interests of the proposed class. There is no adversity of interest between Plaintiff and the other members of the class, Plaintiff will vigorously pursue the claims on behalf of the class, and Plaintiff is represented by counsel who are competent and experienced in insurance law and class action litigation.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 6

CASE #2:15-cv-00464 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

25.     Allstate has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final declaratory or injunctive relief with respect to the class as a whole. Specifically, Allstate has denied coverage for losses that have been identified by it as caused by improper construction or design despite the absence of exclusions for improper construction or design in the insurance policies issued to proposed class members. These acts and omissions by Allstate have misstated the rights and responsibilities of the parties to the insurance contracts and have denied the class members the benefits due them under their insurance policies.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. There is no special interest of class members in individually controlling the prosecution or defense of separate actions. Plaintiff is unaware of any litigation commenced by or against members of the class concerning this controversy. Concentrating litigation of the claims in this forum is desirable because it will result in a greater uniformity of result and more economical and efficient use of judicial resources and the resources of the parties than dozens or hundreds of individual actions. Because the class is limited to those insureds where Allstate or its agents have themselves identified an included peril as the cause of the loss, there are no special difficulties that would be encountered in the management of the class claims.

27.     Moreover, a class action is the superior means of adjudication because of the great disparity of resources between Allstate and individual plaintiffs and the high costs of litigating individual claims. In the absence of class treatment, it is likely that the claims of

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS ACTION- 7

CASE #2:15-cv-00464 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

most class members would not be resolved in any forum and class members would be denied any determination of their rights under their insurance policies.

## V. FIRST CAUSE OF ACTION—DECLARATORY RELIEF

28. The allegations of the preceding paragraphs are incorporated by reference.

29. An actual controversy exists between Plaintiff and the class members and Allstate concerning the parties' rights and obligations under Allstate's policies.

30. Plaintiff and the class members are entitled to declarations regarding the rights and obligations of the parties, including whether Allstate may lawfully deny coverage on the basis of an excluded peril where it has identified a non-excluded peril as initiating or causing the other perils and the loss.

## VI. SECOND CAUSE OF ACTION—BREACH OF CONTRACT

31. The allegations of the preceding paragraphs are incorporated by reference.

32. Allstate owed a duty to Plaintiff and the class members to pay for "sudden and accidental direct physical loss" to their homes "except as limited or excluded in the Policy."

33. Because the Allstate policies at issue in this lawsuit do not exclude "improper construction," "faulty, inadequate or defective . . . construction"; "[f]aulty, inadequate or defective . . . design, specifications, workmanship, repair, . . . renovation, remodeling, grading, [and] compaction"; "[f]aulty, inadequate or defective . . . materials used in repair, construction, or remodeling"; and "[f]aulty, inadequate or defective . . . maintenance," Allstate has a contractual duty to pay for damage to the property of Plaintiff and the class members that Allstate, its agents, or its experts have determined is caused by these perils.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 8

CASE #2:15-cv-00464 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

34. Allstate breached this contractual duty, proximately causing harm to Plaintiff and the members of the class in an amount to be proven at trial.

### VII. THIRD CAUSE OF ACTION—NEGLIGENCE

35. The allegations of the preceding paragraphs are incorporated by reference.

36. Allstate owed Plaintiff and the members of the class a duty to exercise reasonable care in adjusting and responding to their claims.

37. Allstate breached that duty, proximately causing harm in an amount to be proven at trial.

### VIII. FOURTH CAUSE OF ACTION—BAD FAITH

38. The allegations of the preceding paragraphs are incorporated by reference.

39. Allstate owed a duty of good faith to Plaintiff and the members of the class, which encompassed the obligation to abstain from deception and practice honesty and equity in all insurance matters; to not act in a manner that is unreasonable, frivolous, or unfounded; to conduct a reasonable investigation before refusing to pay a claim; and to have a reasonable justification before refusing to pay a claim.

40. Allstate breached its duty of good faith to Plaintiff and the members of the class, proximately causing harm in an amount to be proven at trial.

### IX. FIFTH CAUSE OF ACTION—VIOLATION OF THE CONSUMER PROTECTION ACT

41. The allegations of the preceding paragraphs are incorporated by reference.

42. Allstate's conduct violates WAC 284-30-330(1); 284-30-330(4); 284-30-330(6); 284-30-330(7); 284-30-330(12); and 284-30-350(1).

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 9

CASE #2:15-cv-00464 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

43. Allstate's conduct in violating the above regulations constitutes per se unfair and deceptive acts or practices under the Washington Consumer Protection Act, RCW Chapter 19.86.

44. Allstate's conduct occurred in the course of trade or commerce, and pursuant to RCW 48.01.030, impacts the public interest.

45. Allstate's violations of the above regulations have proximately caused harm to the business or property interests of Plaintiff and the members of the class in an amount to be proven at trial.

## X. SIXTH CAUSE OF ACTION—VIOLATION OF THE INSURANCE FAIR CONDUCT ACT

46. The allegations of the preceding paragraphs are incorporated by reference.

47. Allstate violated the Washington Insurance Fair Conduct Act, RCW 48.30.015. Allstate unreasonably denied claims for coverage or payment of benefits.

48. Allstate's violations of WAC 284-30-330(1), (4), (6), (7), and (12); and 284-30-350(1) also violate RCW 48.30.015(5)(a) and (b) and thus support awards of damages under RCW 48.30.015(2) and (3).

49. Plaintiff and the members of the class have suffered damages as a result of Allstate's violations of RCW 48.30.015.

50. By letter dated April 22, 2015, Plaintiff informed Allstate and the Office of the Insurance Commissioner of the basis of Plaintiff's and the members of the class's cause of action under RCW 48.30.015. More than 20 days have passed and Allstate has failed to resolve the basis for the action.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 10

CASE #2:15-cv-00464 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

51. Plaintiff and the members of the class are entitled to an award of treble damages and reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees.

## XI. RELIEF REQUESTED

1. Certification of this case as a class action under Fed. R. Civ. P. 23(a) and one or more of the subsections of Fed. R. Civ. P. 23(b).

2. A declaration as to the rights and obligations of the parties under the Allstate policies at issue herein;

3. Injunctive relief under the Consumer Protection Act against further unfair or deceptive denials of claims;

4. An award of all money damages available by law, contract, or statute;

5. An award of pre- and post-judgment interest as allowed by law;

6. An award of exemplary damages under the Consumer Protection Act;

7. An award of treble damages under the Washington Insurance Fair Conduct Act;

8. An award of attorney's fees and other costs and expenses of litigation pursuant to applicable statute, regulation, common law, or recognized ground in equity; and

9. Such other and further relief as this Court deems just and proper.

DATED this 20th day of May 2015.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 11

CASE #2:15-cv-00464 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  HARPER | HAYES PLLC

2  By: s/ *Todd C. Hayes*
   Todd C. Hayes, WSBA No. 26361
3  600 University Street, Suite 2420
   Seattle, WA  98101
4  **Telephone:**   (206) 340-8010
   **Fax**:           (206) 260-2852
5  **Email**:        todd@harperhayes.com
   Attorneys for Plaintiff

6  SCHROETER, GOLDMARK & BENDER

7  By: *s/ Adam J. Berger*
   Adam J. Berger, WSBA No. 20714
8  810 Third Avenue, Suite 500
   Seattle, WA  98104
9  **Telephone**:  (206) 622-8000
   **Fax**:           (206) 628-2305
10 **Email**:        berger@sgb-law.com
   Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF – CLASS ACTION- 12

CASE #2:15-cv-00464 RSL

**HARPER** | **HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

# CERTIFICATE OF SERVICE

Pursuant to United States District Court Western District of Washington CR 5(f), the undersigned certifies that on *Wednesday, May 20, 2015*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

**NAME:**             Gavin Skok
**EMAIL ADDRESS:**    gskok@riddellwilliams.com
**REPRESENTING:**     Defendant Allstate Property & Casualty Insurance Company

**NAME:**             Hillary Bramwell Mohr
**EMAIL ADDRESS:**    hmohr@riddellwilliams.com
**REPRESENTING:**     Defendant Allstate Property & Casualty Insurance Company

I certify under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED *May 20, 2015* in Seattle, Washington.

*s/ Marie K. Whalen*

Marie K. Whalen, Paralegal

FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CLASS ACTION- 13

CASE #2:15-cv-00464 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852