UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL GRUNDMEYER on behalf of similarly situated individuals,

Plaintiff,

v.

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

Defendant.

No. C15-0464RSL

ORDER STRIKING CLASS ALLEGATIONS

This matter comes before the Court on defendant's "Motion to Strike and Dismiss Plaintiff's Class Allegations in First Amended Complaint." Dkt. # 21. Plaintiff alleges that his insurer, Allstate, improperly denied a claim for insurance coverage related to deterioration and rot found beneath and around the balconies of plaintiff's home. The engineer Allstate hired to investigate found that the damage was caused by improper construction. Despite the fact that the form of policy plaintiff purchased did not exclude improper or faulty construction from coverage, defendant denied the claim based on exclusions for damage due to inherent vice, latent defect, aging and deterioration, seepage, and rot. Plaintiff seeks to litigate this action on behalf of the following class:

> All persons (a) whose property in the State of Washington was covered by an Allstate property insurance policy that did not exclude one or more of the following perils: "improper construction"; "faulty, inadequate or defective . . . construction"; "[f]aulty, inadequate or defective . . . design, specifications, workmanship, repair, . . . renovation, remodeling, grading,

ORDER STRIKING CLASS ALLEGATIONS - 1

> [and] compaction"; "[f]aulty, inadequate or defective . . . materials used in repair, construction, or remodeling"; "[f]aulty, inadequate or defective . . . maintenance"; and (b) who were denied coverage during the applicable limitations period by way of a denial letter, or based on information provided to Allstate, that identified one of the above perils as initiating or causing other perils or losses that Allstate claimed excluded the loss.

Dkt. # 17 at ¶ 19. Plaintiff maintains that the "faulty construction" perils listed in the class definition are distinct and non-excluded perils and that Allstate violated the "efficient proximate cause" rule when it denied coverage based on perils that were the last step in the causal chain that resulted in the damage. He seeks to represent other insureds who have suffered the same injury.

Having reviewed the memoranda submitted by the parties, the Court finds as follows:

**A. Motion to Dismiss**

Defendant filed its motion to strike and dismiss plaintiff's class allegations prior to the initiation of discovery and six months before the deadline for filing a motion to certify the class. The motion relies solely on the allegations of the First Amended Complaint: no additional evidence has been submitted. Because "Rule 23 does not set forth a mere pleading standard" (Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2551 (2011)), the Court presumes that defendant is challenging the adequacy of the pleadings under Fed. R. Civ. P. 12 rather than putting the class certification issue before the Court under Fed. R. Civ. P. 23. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 941 (9th Cir. 2009). The question, therefore, is whether the allegations in the First Amended Complaint state "plausible" grounds for class certification or whether they are so conclusory or formulaic that they should be disregarded. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of plaintiff. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the class allegations are legally or

ORDER STRIKING CLASS ALLEGATIONS - 2

factually defective, however, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

**B. Sufficiency of Class Allegations**

Class certification is appropriate only if

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the named plaintiff are typical of the claims or defenses of the class;
>
> (4) the named plaintiff will fairly and adequately protect the interests of the class

and the proposed class satisfies at least one of the three requirements listed in Rule 23(b). Dukes, 131 S. Ct. at 2548. For purposes of this motion, the Court is willing to assume that discovery will identify the members of the class and that plaintiff has adequately alleged numerosity, commonality, typicality, and adequate representation. Nevertheless, plaintiff's allegations regarding the Rule 23(b) criteria do not give rise to a plausible inference that class certification is appropriate.

Rule 23(b)(2) authorizes class treatment if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." That provision cannot be used to certify a claim for monetary relief, however, "at least where (as here) the monetary relief is not incidental to the injunctive or declaratory relief." Dukes, 131 S. Ct. at 2557. The Supreme Court noted that a (b)(2) class is mandatory, such that there is no notice or opportunity to opt out provided to the absent members. While mandatory participation in a class action seeking an indivisible injunctive or declaratory benefit may satisfy due process, the Supreme Court has held that compromising a class member's claim for money damages without affording him or

ORDER STRIKING CLASS ALLEGATIONS - 3

her notice and an opportunity to opt out would violate the Due Process Clause. Phillips Petro. Co. v. Shutts, 472 U.S. 797, 812 (1985). Given the lack of procedural safeguards attending a (b)(2) certification, if a request for individualized damages predominates over the injunctive or declaratory relief that is sought, certification must be considered under Rule 23(b)(3), rather than Rule 23(b)(2). Dukes, 131 S. Ct. at 2558; Nationwide Life Ins. Co. v. Haddock, 460 Fed. Appx. 26, 28-29 (2nd Cir. 2012). "Instead of considering the amount of the damages sought or the subjective intent of the class members in seeking relief to determine if injunctive [or declaratory] relief 'predominates,' the relevant inquiry [after Dukes] is what procedural safeguards are required by the Due Process Clause for the type of relief sought." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 986-87 (9th Cir. 2011).

In the First Amended Complaint, plaintiff seeks a declaration of rights and obligations under the policy as well as an injunction against further coverage denials that violate the efficient proximate cause rule. Dkt. # 17 at 11. Plaintiff also seeks coverage under the policy (including payments necessary to repair the damage to his home) and damages arising from defendant's alleged negligence, bad faith, and violations of the Consumer Protection Act ("CPA") and the Insurance Fair Conduct Act ("IFCA"). These amounts are not trivial, and the absent class members should at least have notice of the litigation and be given an opportunity to opt out or present their own evidence of loss arising from defendant's conduct. In these circumstances, the Court finds that the request for monetary damages predominates, precluding certification under Rule 23(b)(2).

Rule 23(b)(3) allows a class action to be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Rule sets forth four considerations to guide this inquiry:

ORDER STRIKING CLASS ALLEGATIONS - 4

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). While plaintiff has specifically alleged common questions of law and fact (Dkt. # 17 at ¶ 22), his allegations regarding most of the other (b)(3) considerations are wholly conclusory (Dkt. # 17 at ¶¶ 26-27).

    Plaintiff has not alleged facts that give rise to a plausible inference that the common questions he identifies will predominate over individual issues or that a class action is superior to other methods of resolving this controversy. To the extent there are common issues regarding the nature of the perils excluded from coverage and the application of the efficient proximate cause rule, their resolution in plaintiff's favor will not resolve any class member's claim. For Allstate to be liable for damages, a class member would need to further show (i) that the claim was not denied on any other ground (or, if it were, that the ground does not bar coverage) and (ii) his or her quantum of damages. These issues are not susceptible to common resolution, and plaintiff does not suggest a method for resolving the questions that would minimize the need for individual judicial determinations.

    Even if the Court were to find that the balance between common and individual issues is fairly even (or at least does not tip sharply against class certification), the allegations of the complaint show that a class action is not "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The insurance policies at issue here cover damage to the insureds' homes and property, losses about which the absent class members would care and which, in order to

ORDER STRIKING CLASS ALLEGATIONS - 5

be cognizable, must be substantial enough to exceed any applicable deductible. While plaintiff is unaware of any litigation that raises the efficient proximate cause issue, he has no way of knowing whether any class members have already initiated suit to obtain first party coverage. This is not a case where each class member may be entitled to only a few dollars, reducing the likelihood of individual litigation and requiring collective adjudication in order to redress a wrong. Nor is it a case in which resolution of the common issues will point to a method for calculating or evaluating damages: the nature and scope of the property damage each insured suffered is unknown and would have to be the subject of discovery and individual adjudication. If a class were certified, the class members would not long remain "absent." Rather, they would have to participate in order to pursue their damages, increasing "the likely difficulties in managing [the] class action." Fed. R. Civ. P. 23(b)(3)(D).

Moreover, because Allstate would be bound by the Court's rulings on the common issues in any event, it is hard to discern any benefit arising from class certification. If plaintiff is successful, anyone falling within the class definition could, with the Court's order in hand, pursue the claims and relief that best address their individual circumstances and needs. The significant sums at stake, combined with the possibility of treble damage and fee awards under the CPA and IFCA, suggest that individual adjudication is superior to an attempt to manage this litigation on behalf of a class.

For all of the foregoing reasons, the Court GRANTS defendant's motion to strike and dismiss plaintiff's class allegations. If plaintiff believes he can, consistent with his Rule 11 obligations, amend the complaint to correct the deficiencies identified, he may file a motion to amend with an attached proposed complaint as required by LCR 15.

ORDER STRIKING CLASS ALLEGATIONS - 6

1      Dated this 29th day of September, 2015.

2                                     /s/ Robert S. Lasnik

3                                     Robert S. Lasnik
                                      United States District Judge

ORDER STRIKING CLASS ALLEGATIONS - 7